UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE WADKINS,<br><br>                      Petitioner,<br><br>v.<br><br>CITY AND COUNTY OF TULARE, et al.,<br><br>                      Respondents. | Case No.: 18cv0886-MMA (NLS)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE**<br><br>[Doc. No. 1] |

Petitioner, a state prisoner proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a conviction from the Tulare County California Superior Court. Doc. No. 1. The Petition is subject to dismissal without prejudice because Petitioner has failed to pay the filing fee or move to proceed *in forma pauperis*. In addition, it appears proper venue for the Petition lies in the Eastern District of California where Petitioner was convicted and where he is currently incarcerated.

**<u>FAILURE TO SATISFY FILING FEE REQUIREMENT</u>**

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed *in forma pauperis*, the Court **DISMISSES** the case without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

//

1

18cv0886-MMA (NLS)

## VENUE

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). The application in the present matter attacks a judgment of conviction that was entered in the Tulare County Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b). Petitioner is presently confined at the California Institute for Men in Chino, California, which is also within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *Id.* Thus, jurisdiction exists in Eastern District but not the Southern District of California.

The Court may, in the furtherance of justice, transfer this matter to the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 2241(d). However, because Petitioner has left most of the habeas petition form blank (*see* Doc. No. 1), the Court finds the interests of justice do not counsel in favor of transferring a facially defective Petition containing no claims for relief or factual allegations.

## CONCLUSION AND ORDER

The Petition is **DISMISSED** for failure to satisfy the filing fee requirement. The dismissal is without prejudice to Petitioner to refile his Petition in the Eastern District of California. The Clerk of this Court shall serve a copy of this Order upon Petitioner and upon the California Attorney General.

Dated: May 9, 2018

Hon. Michael M. Anello
United States District Judge